# Illinois Official Reports

## Appellate Court

---

## *People v. Harper*, 2019 IL App (4th) 180160

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE HARPER, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-18-0160 |
| Filed | March 19, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 00-CF-257; the Hon. Jeffrey S. Geisler, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Karen Y. Ranos, of Law Office of Karen Ranos LLC, of Lansing, for appellant.<br><br>Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and James Ryan Williams, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Knecht and Cavanagh concurred in the judgment and opinion. |

**OPINION**

¶ 1     In August 2016, defendant, Willie Harper, *pro se* filed a motion for deoxyribonucleic acid (DNA) testing pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/116-3 (West 2014)). At the time of his filing, defendant was serving a 60-year sentence for the first degree murder of his wife (720 ILCS 5/9-1(a)(1) (West 2000)). In March 2018, the trial court denied defendant's motion.

¶ 2     Defendant appeals, arguing that the trial court erred in denying his motion for DNA testing because he stated a *prima facie* case that (1) identity was an issue at trial and (2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4     In January 2002, a jury convicted defendant of first degree murder (*id.*). The trial court later sentenced him to 60 years in prison. Defendant appealed, and this court affirmed his conviction and sentence. *People v. Harper*, No. 4-02-0295 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5     In August 2005, defendant *pro se* filed a petition for postconviction relief pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2004)), alleging ineffective assistance of trial counsel. In February 2006, defendant's appointed postconviction counsel filed an amended petition for postconviction relief, which the trial court dismissed. Defendant appealed, and this court affirmed. *People v. Harper*, No. 4-07-0235 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6     In January 2009, defendant *pro se* filed a motion for leave to file a successive petition for postconviction relief, which the trial court denied. On appeal, this court affirmed the trial court's judgment and granted appointed counsel's motion to withdraw. *People v. Harper*, No. 4-09-0199 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7     In September 2010, and while his appeal in case No. 4-09-0199 was pending, defendant filed another motion for leave to file a successive petition for postconviction relief. The trial court again denied him leave to file a successive petition.

¶ 8     In August 2016, defendant filed a third successive petition for postconviction relief, asserting for the first time a claim of actual innocence. The trial court again denied defendant leave to file a successive petition.

¶ 9     Also in August 2016, defendant filed a motion for DNA testing pursuant to section 116-3 of the Code (725 ILCS 5/116-3 (West 2014)), in which he claimed he "maintained his innocence" throughout the case and that identity was a "critical issue" at trial. Specifically, defendant requested DNA testing of blood samples and other evidence collected from the crime scene that had not previously been tested. The State filed a motion to dismiss, which the trial court granted. In granting the State's motion to dismiss, the trial court found that "identity was not an issue that was raised at the trial."

¶ 10    This appeal followed.

## II. ANALYSIS

Defendant appeals, arguing that the trial court erred in dismissing his motion for DNA testing because he satisfied the requirements set forth in section 116-3(b) of the Code (*id.* § 116-3(b)). The State responds that defendant failed to present a *prima facie* case under section 116-3 because (1) identity was never an issue at trial and (2) he has not shown the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been "substituted, tampered with, replaced, or altered in any material aspect." See *id.* The State further requests this court to (1) remind the trial court of its authority to collect funds from defendant's commissary account to pay for the costs of this litigation, (2) order defendant to show cause why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994), and (3) direct the clerk of this court to disregard any new appeals submitted by defendant. We reject the defendant's argument and agree with the State's requests.

### A. Standard of Review

Section 116-3 of the Code allows a criminal defendant to request additional forensic testing of evidence that was secured in relation to the trial that resulted in his or her conviction by filing a written motion in the trial court that entered the judgment of conviction in his or her case. 725 ILCS 5/116-3(a) (West 2014). The court should grant the motion if the defendant presents a *prima facie* case that "(1) identity was the issue in the trial or guilty plea which resulted in his or her conviction; and (2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect." *Id.* § 116-3(b). The supreme court has interpreted the first prong to mean the defendant must show identity was the "*central* issue at trial." (Emphasis added.) *People v. Johnson*, 205 Ill. 2d 381, 393, 793 N.E.2d 591, 599 (2002); see also *People v. English*, 2013 IL App (4th) 120044, ¶ 15, 987 N.E.2d 1058. The purpose of section 116-3 is "to provide an avenue for convicted defendants who maintained their innocence to test available genetic material capable of producing new and dramatic evidence materially relevant to the question of innocence." *People v. Urioste*, 316 Ill. App. 3d 307, 310, 736 N.E.2d 706, 710 (2000). We review *de novo* a trial court's denial of a motion for forensic testing under section 116-3. *Id.*

### B. Defendant's Motion for DNA Testing

Defendant fails to demonstrate that identity was an issue in this case at all, let alone a "central issue at trial." Defendant testified in his own defense at trial and did not deny killing his wife. Nor did defendant present any evidence at trial that someone else may have been responsible for his wife's death. Instead, his entire defense relied on the theories of voluntary intoxication, provocation, and self-defense. Moreover, defendant has invoked the phrase "actual innocence" only once in the litany of postconviction petitions and assorted pleadings he has filed with the trial court since his conviction in 2002. In none of those petitions and pleadings did defendant actually deny killing his wife. Accordingly, defendant failed to state a *prima facie* case for further forensic testing under section 116-3, and the trial court correctly granted the State's motion to dismiss. Because of this failure, we need not consider whether the evidence to be tested was subjected to a sufficient chain of custody.

¶ 17                              C. Defendant's Abuse of the Court System

¶ 18    Since defendant's conviction in 2002, he has filed in the trial court numerous petitions, motions, and other miscellaneous pleadings—no matter how repetitive or futile—in an attempt to evade the consequences of killing his wife. Neither the trial court nor this court has ever found that any of defendant's claims contained any merit. Defendant's continuing abuse of the court system has squandered judicial resources that could have been better spent addressing claims filed by good-faith litigants. Without some consequence for defendant's habitual frivolous filings, we believe his abuse of the trial and appellate courts will continue. Accordingly, this court has decided to take the following actions.

¶ 19    First, because we conclude that defendant's motion for DNA testing is frivolous, we remind the trial court of its statutory authority to collect funds from defendant's trust fund account to pay for the costs of this litigation. See 735 ILCS 5/22-105(a) (West 2016) ("If a prisoner confined in an Illinois Department of Corrections facility files a pleading *** and the Court makes a specific finding that the pleading *** filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs."); see also *People v. Austin*, 2014 IL App (4th) 140408, ¶ 25, 23 N.E.3d 615.

¶ 20    Second, as we have done in the past with other "frequent filers," "we order defendant to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for filing a frivolous appeal. Until such time as (1) defendant responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and by that we mean to not file—any new appeals submitted to this court by defendant." *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 59, 23 N.E.3d 621.


¶ 21                                     III. CONCLUSION

¶ 22    For the reasons stated, we affirm the trial court's judgment and order defendant to show cause within 30 days as to why sanctions should not be entered pursuant to Rule 375(b).


¶ 23    Affirmed.