NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190742-U

NO. 4-19-0742

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 29, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JOHN D. RING, | ) | No. 18MR623 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rudolph Braud, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the dismissal of defendant's petition for
*habeas corpus* relief because defendant did not allege a jurisdictional
defect or postjudgment occurrence as required for *habeas* relief.

¶ 2   In September 1995, the trial court declared defendant, John D. Ring, a sexually dangerous person under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 *et seq.* (West 1994)). This case comes to us on appeal from the trial court's August 2019 dismissal of defendant's petition for writ of *habeas corpus*. See 735 ILCS 5/10-124 (West 2018). Defendant claims on appeal that his petition was erroneously dismissed because (1) his 1995 commitment order was void due to lack of subject matter jurisdiction, (2) "post-judgment events" show that his commitment as a sexually dangerous person is illegal, (3) the 2000 appellate decision affirming his commitment is void due to lack of subject matter jurisdiction, (4) "post-judgment events" show that defendant is entitled to be discharged due to a violation of his right to a speedy trial, and

(5) defendant's section 2-1401 petition for relief from judgment (see 735 ILCS 5/2-1401 (West 1998)) against the 2000 appellate decision "could not be resolved on appeal."

¶ 3        We affirm.

¶ 4                        I. BACKGROUND

¶ 5        In July 1995, the State charged defendant with one count of aggravated criminal sexual assault (720 ILCS 5/12-14(b)(1) (West 1994)) and two counts of aggravated criminal sexual abuse (*id.* § 12-16(c)(1)(i)).

¶ 6        In September 1995, the parties stipulated to two psychiatric evaluations. Dr. Joseph Bohlen's report opined that defendant was a sexually dangerous person. Dr. Terry Killian's report agreed that defendant met the statutory criteria for being a sexually dangerous person. The trial court found defendant to be a sexually dangerous person, and the court placed him in the custody of the Director of the Illinois Department of Corrections.

¶ 7        In June 1998, defendant *pro se* filed an application showing recovery and a separate motion for a speedy trial. In August 1998, Dr. Ijaz Itala, whose responsibilities included evaluating sexually dangerous persons when those persons petition a court for discharge, attempted to evaluate defendant, but defendant refused to cooperate.

¶ 8        On June 1, 1999, defendant *pro se* filed a motion for discharge for violation of due process and speedy trial. On June 9, 1999, defendant was scheduled for an interview and an evaluation and refused both. On June 21, 1999, the Illinois Department of Corrections prepared an evaluation without defendant's cooperation and filed it with the trial court. The report indicated that defendant had not recovered and was still sexually dangerous.

¶ 9        In July 1999, defendant *pro se* filed a motion for hearing on his petition, and the State filed a motion for summary judgment.

¶ 10          In September 1999, the State filed Itala's affidavit stating that defendant had not cooperated with the evaluation process. The following day, the trial court heard these motions. In a docket entry, the trial court denied defendant's motion to discharge.

¶ 11          Defendant appealed, arguing that he was denied due process by the 11-month delay in the hearing on his application for recovery. This court affirmed the trial court's judgment, noting that defendant was responsible for the entire delay because he had failed to cooperate on two occasions with a psychiatrist, and the trial court had otherwise acted swiftly in the proceedings. *People v. Ring*, No. 4-99-0763 (2000) (unpublished order under Illinois Supreme Court Rule 23).

¶ 12          In 2002, defendant filed a section 2-1401 petition for relief from judgment and in October 2002, the trial court heard and denied that motion.

¶ 13          In 2016, Dr. Kristopher Clounch concluded that defendant remained a sexually dangerous person. In February 2018, Clounch created an updated report. In that report, Clounch noted that defendant denied committing any sex offenses despite previously admitting he committed the offenses to the investigating officers and prior evaluators. Defendant claimed that he previously said he committed the offenses because his attorney was "playing hardball" and they were "stories" to get him committed. Clounch noted that defendant had admitted his offenses to the police "well before any consideration" of a commitment under the Act. Clounch opined that defendant's Static-99R score underestimated defendant's risk and concluded that defendant failed to recover and remained a sexually dangerous person.

¶ 14          In 2018, defendant *pro se* filed his petition for writ of *habeas corpus*. Defendant claimed that a violation of statutory procedures occurred in his commitment and recovery proceedings. He also claimed that suppressed evidence was revealed in 2016 that necessitated his immediate discharge. He further alleged that the psychiatrists' reports were not in evidence and

that they should have testified and been subject to cross-examination. Defendant asserted that the judgment under the Act was void because there was no medical evidence adduced and that the psychiatrists' reports proved he never had a mental disorder. Defendant also attached his handwritten and signed "statement of recovery" detailing, among other things, (1) his struggles with his sexual identity, (2) his relationships, (3) his struggles with his partner being diagnosed with HIV, (4) why he "molested four boys," and (5) how and why he believes he has changed.

¶ 15       The State moved to dismiss the petition, arguing (1) defendant did not allege a jurisdictional defect or postjudgment occurrence as required for *habeas* relief, (2) defendant's allegation, related to proof of defendant's mental disorder, was nonjurisdictional and could not be corrected by a *habeas* petition, and (3) defendant misidentified "People" as the defendant. The trial court granted the State's motion to dismiss.

¶ 16       This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18       Defendant appeals, claiming that his petition for *habeas corpus* relief was erroneously dismissed because (1) his 1995 commitment order was void due to lack of subject matter jurisdiction, (2) "post-judgment events" show that his commitment as a sexually dangerous person is illegal, (3) the 2000 appellate decision is void due to lack of subject matter jurisdiction, (4) "post-judgment events" show that defendant is entitled to be discharged due to a violation of his right to a speedy trial, and (5) defendant's petition against the 2000 appellate decision "could not be resolved on appeal." We disagree and affirm.

¶ 19       First, defendant claims that his 1995 order was void due to lack of subject matter jurisdiction because "there was no medical evidence adduced." We disagree. Illinois circuit courts have original jurisdiction of all justiciable matters except when the supreme court has original and

exclusive jurisdiction related to (1) redistricting of the General Assembly and (2) the ability of the Governor to serve or resume office. Ill. Const. 1970, art. VI. An order of commitment for a sexually dangerous person was a justiciable matter under the Act. See 725 ILCS 205/2 (West 1994) ("Jurisdiction of proceedings under this Act is vested in the circuit courts in this State, for the purpose of conducting hearings for commitment and detention of such persons, as hereinafter provided."). Therefore, the trial court had subject matter jurisdiction.

¶ 20            Second, defendant claims that "post-judgment events" show that his commitment as a sexually dangerous person is illegal. Defendant's petition does not show that a postjudgment occurrence entitled him to release. Under the Act, a committed person is not entitled to release unless and until the trial court finds him to be "no longer dangerous." 725 ILCS 205/9(e) (West 2018). No such finding exists in this case. Defendant's own "statement of recovery" raises no question regarding the legality of defendant's continued commitment as a sexually dangerous person, and none of the reports referred to by defendant indicated that he has recovered or is no longer sexually dangerous.

¶ 21            Third, defendant claims that the prior appellate court decision in case No. 4-99-0763 is void for lack of subject matter jurisdiction, seemingly because he claims the appellate court did not have a copy of transcripts or access to records which he believes would have changed the outcome of the appeal. Every final judgment of a trial court is appealable, and the appellate court's subject matter jurisdiction is not impacted by claims that it did not have particular information. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).

¶ 22            Fourth, defendant claims "post-judgment events" show that he is entitled to be discharged due to the Speedy Trial Act (see 725 ILCS 5/103-5 (West 2018)). This court already considered and rejected this argument 20 years ago and will not revisit it now. *People v. Ring*, No.

- 5 -

4-99-0763 (2000) (unpublished order under Illinois Supreme Court Rule 23).

¶ 23          Fifth, defendant claims his section 2-1401 petition for relief from judgment from the 2000 appellate decision could not be resolved on appeal. 735 ILCS 5/2-1401 (West 1998). In his brief, defendant states the following: "The Ruling of 10-11-02 on the 1401 Petition was ruled an unappealable ruling by the Appellate Court Order of 6-12-03." We clarify that the docket entry from June 12, 2003, states, "The appeal is dismissed for lack of an appealable order." Defendant fails to articulate how the dismissal of his appeal for lack of a final appealable order entitles him to release as contemplated by *habeas corpus*. 735 ILCS 5/10-124 (West 2018). We therefore reject defendant's claim.

¶ 24          Finally, we note that defendant has filed numerous frivolous actions, no matter how repetitive or futile, in an attempt to evade the truth that he is a sexually dangerous person who has not yet been rehabilitated. A search for "John D. Ring" on the Sangamon County Circuit Clerk website reveals Sangamon County case Nos. 01-MR-695, 07-MR-491, 09-MR-807, 11-MR-604, 12-MR-457, 18-MR-623, 19-MR-912. However, defendant's abuse of the system does not end there. He has also filed suit against "an assistant state's attorney, two of [defendant's] defense lawyers, the state judge who presided in his case, a court reporter, and two employees of the Illinois Department of Corrections." See *Ring v. Appleton*, No. 03-1257, 2004 WL 635219, at 1 (7th Cir. Mar. 26, 2004) (affirming the district court's dismissal and finding defendant's initial suit and the appeal frivolous). Undeterred, defendant filed a new suit "against his attorney and several other state judges; the new action seeks only damages—over $50 million from each defendant—but repeats many of the same allegations from his previous suit." See *Ring v. Knecht*, No. 04-1487, 2005 WL 1006285 (7th Cir. Apr. 27, 2005). Ultimately, the Seventh Circuit Court of Appeals concluded "both the underlying suit and this appeal are frivolous" and "barred [defendant] from

proceeding *in forma pauperis* in future civil suits, except as provided in 28 U.S.C. § 1915(g)." *Id.*

¶ 25 "Defendant's continuing abuse of the court system has squandered judicial resources that could have been better spent addressing claims filed by good-faith litigants. Without some consequence for defendant's habitual frivolous filings, we believe his abuse of the trial and appellate courts will continue." *People v. Harper*, 2019 IL App (4th) 180160, ¶ 18, 124 N.E.3d 589. We therefore "order defendant to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) for filing a frivolous appeal. Until such time as (1) defendant responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and by that we mean to not file—any new appeals submitted to this court by defendant." (Internal quotation marks omitted.) *Id.* ¶ 20.

¶ 26                                   III. CONCLUSION

¶ 27            For the reasons stated, we affirm.

¶ 28            Affirmed.