NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220526-U

NO. 4-22-0526

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THOMAS POWERS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Schuyler County |
| GREG DONATHAN and PAUL MORTON, | ) | No. 22MR1 |
|     Defendants-Appellees. | ) | |
| | ) | Honorable |
| | ) | Ramon Escapa, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed the trial court's dismissal of plaintiff's civil rights
complaint where his access-to-courts claim is barred by the doctrine of sovereign
immunity and he failed to state a claim he was deprived of access to the Internet.

¶ 2     Plaintiff, Thomas Powers, a resident of the Illinois Department of Human
Services Treatment and Detention Facility in Rushville (Rushville), filed a "Civil Rights
Complaint" alleging defendants, Greg Donathan and Paul Morton, are violating his constitutional
rights by denying him adequate time in the law library and access to the Internet. The trial court
dismissed the complaint, holding it was barred by the doctrine of sovereign immunity and failed
to state claims upon which relief could be granted. Plaintiff appeals, and we affirm.

¶ 3                                   I. BACKGROUND

¶ 4     Plaintiff has been a resident of Rushville since June 2012 pursuant to the Sexually
Violent Persons Commitment Act (725 ILCS 207/1 *et seq.* (West 2012)). During this time,

plaintiff has filed numerous complaints in federal and state court. In January 2022, plaintiff filed a two-count "Civil Rights Complaint" against two Rushville officials, *i.e.*, defendant Donathan and defendant Morton. Count I alleged defendants denied plaintiff adequate time in the law library in violation of both the United States and Illinois Constitutions. Plaintiff requested an order granting 10 hours of time in the law library per week and improvements to the library's conditions. Plaintiff asserted both measures were required by the United States Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996).

¶ 5        Count II alleged defendant Donathan was denying plaintiff access to the Internet in violation of a constitutional right established by the United States Supreme Court in *Packingham v. North Carolina*, 582 U.S. 98 (2017), and the Illinois Supreme Court in *People v. Morger*, 2019 IL 123643, 160 N.E. 3d 53. Count II requested "access to the internet for rehabilitation purposes, education, commerce, and face book [*sic*] with family and friends."

¶ 6        Thereafter, plaintiff filed a "Motion for Preliminary Injunction" on count I, requesting "an injunction for an effective law library."

¶ 7        Defendants filed a combined section 2-619.1 motion to dismiss (735 ILCS 5/2-619.1 (West 2022)), arguing the complaint (1) was barred by the doctrine of sovereign immunity pursuant to section 2-619 (735 ILCS 5/2-619 (West 2022)) and (2) should be dismissed for failure to state a claim for which relief can be granted pursuant to section 2-615 (735 ILCS 5/2-615 (West 2022)). Specifically, defendants argued plaintiff's complaint is "only against them in their official capacities as employees at Rushville *** and thus against the state" such that its prosecution in a circuit court of the State of Illinois is precluded by the doctrine of sovereign immunity. Defendants also argued plaintiff's complaint failed to state claims for which relief can be granted in that he "makes generalized legal conclusions" asserting violations of the

United States and Illinois Constitutions "but does not identify any specific causes of action." Defendants also maintained *Packingham* and *Morger* were inapposite as plaintiff is a civil detainee in Rushville and not an Illinois Department of Corrections inmate.

¶ 8        During the April 2022 preliminary injunction hearing, plaintiff requested 10 hours per week in the law library "pursuant to *Lewis v. Casey*." Defendants argued plaintiff had access to the law library, just "not as frequently as he wants," and noted Rushville staff have to balance the needs of the residents with respect to law library access. Plaintiff acknowledged he was not being completely deprived of access to the law library.

¶ 9        The trial court denied plaintiff's motion for a preliminary injunction, noting he has access to the law library, just not as much as he would like.

¶ 10        Following a May 2022 hearing, the trial court granted defendants' combined motion to dismiss. The court found count I of plaintiff's complaint was barred by the doctrine of sovereign immunity where defendants were acting in their official capacities in limiting plaintiff's access to the law library. The court also found neither count of plaintiff's complaint stated claims for which relief could be granted.

¶ 11        This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13        On appeal, plaintiff argues the trial court erred in granting defendants' motion to dismiss. Specifically, plaintiff contends the court did not follow United States and Illinois Supreme Court case law purportedly supporting a constitutional obligation for defendants to provide plaintiff the access he wants to the law library and Internet.

¶ 14                                A. Standard of Review

¶ 15    "A motion under section 2-619.1 allows a party to combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based upon certain defects or defenses." (Internal quotation marks omitted.) *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 15, 11 N.E.3d 57. "On appeal, a circuit court's dismissal of a complaint pursuant to section 2-619.1 is reviewed *de novo* [citation], and we may affirm the dismissal on any basis supported by the record [citation]." *Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42.

¶ 16                        B. Trial Court's Dismissal of Count I

¶ 17    Pursuant to section 2-619(a)(1), a defendant may move to dismiss a complaint on the ground "[t]hat the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2022). One basis on which a circuit court would lack subject matter jurisdiction over a case is where it is barred by the doctrine of sovereign immunity. See *Toth v. England*, 348 Ill. App. 3d 378, 387, 809 N.E.2d 702, 709 (2004) ( "Where sovereign immunity applies, the circuit court is without jurisdiction to entertain the litigation."). "Whether an action is in fact one against the State and hence one that must be brought in the Court of Claims depends on the issues involved and the relief sought." *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 45, 32 N.E. 3d 583.

¶ 18    Specifically,

> "[a] claim against a state official or employee is a claim against the
> 'state' when (1) there are no allegations that an agent or employee of the
> State acted beyond the scope of his authority through wrongful acts,
> (2) the duty alleged to have been breached was not owed to the public

generally independent of the fact of State employment, and (3) the actions complained of involve matters ordinarily within that employee's normal and official functions for the State." *Kucinsky v. Pfister*, 2020 IL App (3d) 170719, ¶ 51, 162 N.E.3d 426.

¶ 19    In addition to these factors, "[r]egarding the relief sought, a court must also consider whether the relief sought is such that 'a judgment for the plaintiff could operate to control the actions of the State or subject it to liability.' " *Jinkins v. Lee*, 209 Ill. 2d 320, 330, 807 N.E.2d 411, 418 (2004) (quoting *Currie v. Lao*, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992)).

¶ 20    We find count I of plaintiff's complaint to be against the State such that it cannot be entertained in the circuit court under the doctrine of sovereign immunity. This is so even though plaintiff's complaint is nominally against these particular defendants, as "[t]he prohibition against making the State *** a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State *** itself and when the State *** is the party vitally interested." (Internal quotation marks omitted.) *Leetaru*, 2015 IL 117485, ¶ 45.

¶ 21    First, although plaintiff contended differently at the hearing on his motion for a preliminary injunction and in his brief to this court, he stated in his complaint it is against defendants in both their individual *and* official capacities and alleged they were acting "in the course and scope" of their employment by denying him additional access to the law library. Plaintiff's conclusory statements otherwise during the hearing and in his brief do not change the fact defendants were acting in the scope of their employment with the State through denying him additional time in the law library.

¶ 22    Second, although at the hearing on defendants' combined motion to dismiss, plaintiff referred to *Jackson v. Alverez*, 358 Ill. App. 3d 555, 831 N.E.2d 1159 (2005), to imply the violation by defendants of a duty they owed him independent of their State employment, he did not explain what this duty was. In any event, defendants would only have the duty to provide residents of Rushville with adequate access to the law library. This duty would not and could not extend to the public independent of defendants' State employment.

¶ 23    Third, affording Rushville residents access to the law library is a component of defendants' normal and official State functions, particularly given how they unquestionably act in the scope of their employment with the State in how they permit residents to access the law library. "We note the first and third factors overlap to some extent in this regard." *Carmody v. Thompson*, 2012 IL App (4th) 120202, ¶ 33, 977 N.E.2d 887. A judgment in plaintiff's favor requiring defendants to provide him additional law library time would operate to control the State by limiting defendants' ability to apportion time in the law library at their discretion.

¶ 24    Although "[t]he doctrine of sovereign immunity affords no protection *** when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority" (*Leetaru*, 2015 IL 117485, ¶ 45), plaintiff has not raised a legitimate claim of a constitutional right defendants could have violated. The only way defendants could be acting in violation of plaintiff's constitutional rights through not affording him 10 hours per week in the law library is if in fact this is a constitutional requirement. But while plaintiff insists *Lewis* requires defendants to afford him at least 10 hours per week in the law library, it does *not*. In fact, the only mention in the majority opinion of *Lewis* to the subject of 10 hours per week in a law library was its reference to what the district court ordered the officials from the Department of Corrections to undertake as part of a broader injunctive remedy of their failure to adequately

facilitate inmates' access to the courts as required by *Bounds v. Smith*, 430 U.S. 817 (1977). *Lewis*, 518 U.S. at 347. Indeed, "*Bounds* did not create an abstract, freestanding right to a law library." *Lewis*, 518 U.S. at 351. Consequently, while defendants are not affording plaintiff the access he wants to the law library, they are not violating his constitutional rights; sovereign immunity accordingly attaches. Therefore, we affirm the trial court's dismissal of count I of plaintiff's complaint on the ground of sovereign immunity.

¶ 25                                    C. Trial Court's Dismissal of Count II

¶ 26        We also affirm the trial court's dismissal of count II of plaintiff's complaint under section 2-615 for its failure to state a claim for which relief can be granted. A plaintiff must set forth facts relevant to the elements of a legally recognized cause of action. Mere conclusory factual allegations are insufficient. "The court will not fill in all the blanks in a *pro se* complaint." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 434, 876 N.E.2d 659, 664 (2007).

¶ 27        In count II of his complaint, and only with respect to defendant Donathan, plaintiff alleges the following violations of his rights under the First Amendment:

> "Donathan has denied the plaintiff rehabilitation[,] education, commerce, facing [*sic*] with family and friends and legal access. Donathan has placed the plaintiff with a lack of connectivity and association and has placed the plaintiff in an information black hole. With just one stroke Donathan bars access to, for many, the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square."

¶ 28     We agree with defendants in that plaintiff's "general, conclusory allegations about the denial of Internet access are insufficient to state a First Amendment claim." Plaintiff does not set forth any specific facts in relation to defendant Donathan's alleged actions to apprise him of how he is violating a legally recognized constitutional right to Internet access. Consequently, we affirm the trial court's dismissal of count II of plaintiff's complaint for its failure to state a claim for which relief can be granted.

¶ 29             D. Plaintiff's Continued Abuse of the Court System

¶ 30     Finally, plaintiff's instant appeal is neither "warranted by existing law or a good-faith argument for the extension [or] modification *** of existing law" nor "reasonably well grounded in fact." As we explain above in relation to count I, and despite plaintiff's insistent misrepresentations, *Lewis* does not require defendants afford plaintiff 10 hours per week in the law library, nor can it be reasonably construed to do so. Count II contains no factual specificity to support a cause of action for denial of access to the Internet (for the avowed purposes of shopping and using Facebook), even assuming such a cause of action is both legally recognized and applicable to plaintiff. Plaintiff's complaint and appeal are therefore frivolous under Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994). It is part of a long pattern of habitual frivolous court filings by plaintiff. As was the case in *People v. Harper*, 2019 IL App (4th) 180160, ¶ 18, 124 N.E.3d 589, plaintiff's "continuing abuse of the court system has squandered judicial resources that could have been better spent addressing claims filed by good-faith litigants. Without some consequence for [his] habitual frivolous filings, we believe his abuse of the trial and appellate courts will continue." Accordingly,

> " 'we order [plaintiff] to show cause within 30 days why sanctions should
>
> not be entered against him under Illinois Supreme Court Rule 375(b) (eff.

Feb. 1, 1994) for filing a frivolous appeal. Until such time as (1) [plaintiff] responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and by that we mean to not file—any new appeals submitted to this court by [plaintiff].' *People v. Alexander*, 2014 IL App (4th) 130152, ¶ 59, 23 N.E.3d 621." *Harper*, 2019 IL App (4th) 180160, ¶ 20.

¶ 31                             III. CONCLUSION

¶ 32        For the reasons stated, we affirm the trial court's judgment and order plaintiff to show cause within 30 days as to why sanctions should not be entered pursuant to Rule 375(b).

¶ 33        Affirmed.