NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200198-U

NO. 4-20-0198

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 10, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CLARANCE ANTHONY THOMPKINS, | ) | No. 10CF1138 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the trial court properly denied
defendant's motion for leave to file a successive postconviction petition.

¶ 2    Defendant, Clarance Anthony Thompkins, appeals from the trial court's denial of

his *pro se* motion for leave to file a successive petition under the Post-Conviction Hearing Act

(Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2020)).  On appeal, defendant argues he

set forth a *prima facie* showing that his 45-year sentence, imposed for a crime committed when

he was 18 years old, violated the eighth amendment of the United States Constitution and the

proportionate penalties clause of the Illinois Constitution.  U.S. Const., amend. VIII; Ill. Const.

1970, art. I, § 11.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                  A. Trial Proceedings

¶ 5        In December 2010, the State charged defendant with home invasion while armed with a firearm (720 ILCS 5/12-11(a)(3) (West 2008)) and armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)).  The charges stemmed from a July 29, 2008, incident at the residence of Richard J. and Barbara S. Hopper.  Along with codefendant James Manuel, who the State indicted separately on the same charges, defendant's case proceeded to a bench trial in September 2011.

¶ 6        In this appeal, little needs to be said about the evidence adduced at trial.  The trial court found defendant guilty on both counts.  At sentencing, the trial court "considered the evidence presented at trial, the Presentence Report, the evidence presented in aggravation and mitigation, the victim impact statement, the statements of the Defendant, the statutory factors in aggravation and mitigation, and the recommendations of counsel."  The presentence investigation (PSI) report detailed defendant's (1) criminal history, (2) family and educational background, (3) history of substance abuse, and (4) work history.  The PSI report listed defendant's date of birth as August 10, 1989, making him 18 years old at the time of the offense and 22 years old at the time of sentencing.

¶ 7        When fashioning defendant's sentence, the court stated it "has to balance the many factors that are involved in what the statute requires, looking at the background of these Defendants, the nature of this offense, and the age of the Defendants, their potential for rehabilitation."  Ultimately, the court sentenced defendant to concurrent 30-year terms in the Illinois Department of Corrections on each count, plus a 15-year add-on due to the use of a firearm in the commission of the offenses, for a total of 45 years in prison.  This court affirmed defendant's conviction and sentence in *People v. Thompkins*, 2013 IL App (4th) 120018-U.

¶ 8                        B.  Postconviction Proceedings

¶ 9        In June 2014, defendant filed a *pro se* postconviction petition, which the trial court summarily dismissed. This court affirmed the trial court's dismissal. *People v. Thompkins*, 2016 IL App (4th) 140763-U.

¶ 10        In June 2017, defendant filed a *pro se* petition for leave to file a successive postconviction petition. The trial court denied defendant's petition.

¶ 11        In September 2017, defendant filed a second *pro se* petition for leave to file a successive postconviction petition, which the trial court denied. In October 2017, defendant filed a *pro se* petition for rehearing. Following rehearing, the trial court advanced defendant's petition to second-stage proceedings and appointed counsel to represent defendant.

¶ 12        In May 2018, appointed counsel filed an amended successive postconviction petition raising defendant's actual innocence claim. In October 2018, the trial court held an evidentiary hearing on defendant's amended successive postconviction petition. After hearing the evidence, the court denied the amended successive postconviction petition. Subsequently, this court affirmed the denial of defendant's amended successive postconviction petition. *People v. Thompkins*, 2020 IL App (4th) 180683-U.

¶ 13        In March 2020, defendant filed a third *pro se* motion for leave to file a successive postconviction petition. In his petition, defendant argued his 45-year-prison sentence constituted a *de facto* life sentence under *People v. Buffer*, 2019 IL 122327, ¶ 40, 137 N.E.3d 763 (finding a sentence over 40 years imposed on a juvenile constituted a *de facto* life sentence), in violation of the eighth amendment of the United States Constitution (U.S. Const., amend. VIII). Defendant addressed the cause-and-prejudice test, asserting he could not have raised this issue prior to the decision in *Buffer*, which was decided after the trial court dismissed defendant's initial postconviction petition. Defendant argued the court erred when it sentenced him to a *de facto*

life sentence of 45 years' imprisonment where he was 18 years old at the time of the offense and where the court failed to consider his "youth and its attendant characteristics in imposing his sentence." In support of his argument, defendant cited to growing scientific evidence that shows young adults are similar to juveniles in brain development.

¶ 14 In a March 2020 written order, the trial court denied defendant leave to file a successive postconviction petition where defendant failed to set forth sufficient cause and prejudice to support his petition. The court determined defendant raised only an eighth amendment challenge in his petition and thus forfeited any claim that his sentence violated the proportionate penalties clause of the Illinois Constitution. Moreover, the court rejected defendant's eighth amendment challenge. The court found eighth amendment protections for juveniles do not extend to young adults, thus defendant's 45-year sentence did not constitute a *de facto* life sentence because defendant was 18 years old when he committed the offense.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, defendant argues the trial court erred in denying him leave to file his successive postconviction petition. Defendant asserts he set forth a *prima facie* showing that his 45-year sentence, imposed for a crime committed when he was 18 years old, violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. U.S. Const., amend. VIII; Ill. Const. 1970, art. I, § 11. The State disagrees and argues the trial court properly denied defendant leave to file a successive postconviction petition.

¶ 18 As a threshold matter, we find defendant forfeited his claim that his 45-year sentence violated the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970,

- 4 -

art. I, § 11.  Defendant failed to raise a proportionate penalties argument in his motion for leave to file a successive postconviction petition or in his petition.  See *People v. Dorsey*, 2021 IL 123010, ¶ 69 (citing *People v. Jones*, 213 Ill. 2d 498, 505, 821 N.E.2d 1093, 1097 (2004) (stating a claim not raised in postconviction petition itself cannot be raised on appeal)).  Defendant asserts that, because postconviction petitions are to be liberally construed, his arguments in his petition about brain development, supported by citations to case law and brain science, reflect a proportionate penalties clause claim.  See *People v. Simms*, 2021 IL App (1st) 161067-B, ¶ 19, 170 N.E.3d 603.  We disagree.

¶ 19         Here, defendant attempts to transform the concept of liberal construction into an unwieldy principle.  Adopting a standard where any issue raised in a case cited by defendant becomes a basis to find defendant raised that issue would materially alter the well-settled meaning of forfeiture and exponentially expand postconviction relief claims.  At the same time, such a view would allow defendants to ignore long-standing fundamental rules regarding notice and pleading.  In both his motion for leave to file and his proposed petition, defendant fails to mention or discuss a proportionate penalties clause claim pursuant to the Illinois Constitution.  To the contrary, in multiple instances, defendant exclusively asserts his sentence violates the eighth amendment to the United States Constitution.  Defendant then cites various cases he asserts support his eighth amendment claim.

¶ 20         Finally, the cases cited by defendant do not support his attempt to avoid forfeiture.  In *Simms*, the reviewing court declined to find forfeiture even though the petition did not explicitly raise an actual innocence claim.  Notably, the affidavit from a codefendant which defendant attached to his petition contained no less than nine instances where the affiant alleged, in detail, how and why defendant was actually innocent.  *Simms*, 2021 IL App (1st) 161067-B,

- 5 -

¶ 29. In *Weathers*, the court declined to find forfeiture where "defendant's claims on appeal are substantively the same as he raised in the petition." *People v. Weathers*, 2015 IL App (1st) 133264, ¶ 22, 45 N.E.3d 316. Here, there is no mention of a proportionate penalties clause claim, let alone a detailed affidavit supporting such a claim. Also absent is any basis to find defendant's proportionate penalties clause claim is substantively the same as he raised in his petition. Under these circumstances, we honor defendant's forfeiture. Thus, we turn to defendant's remaining claim: whether defendant's 45-year sentence, imposed for a crime committed when he was 18 years old, violated the eighth amendment of the United States Constitution.

¶ 21                               A. Postconviction Act

¶ 22          Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2020)) provides the following:

> "Only one petition may be filed by a petitioner under this Article
> without leave of the court. Leave of court may be granted only if a
> petitioner demonstrates cause for his or her failure to bring the
> claim in his or her initial post-conviction proceedings and
> prejudice results from that failure. For purposes of this subsection
> (f): (1) a prisoner shows cause by identifying an objective factor
> that impeded his or her ability to raise a specific claim during his
> or her initial post-conviction proceedings; and (2) a prisoner shows
> prejudice by demonstrating that the claim not raised during his or
> her initial post-conviction proceedings so infected the trial that the
> resulting conviction or sentence violated due process."

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909. When the trial court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 23                                                       B. Eighth Amendment

¶ 24            Defendant asserts he set forth a *prima facie* showing that his 45-year sentence, imposed for a crime committed when he was 18 years old, violated the eighth amendment of the United States, given his young age at the time of the offense. Defendant argues *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny should apply to him as a young adult where evolving science suggests the minds of young adults are still developing and therefore are similar to those of juveniles.

¶ 25            "The [e]ighth [a]mendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.' " *Miller*, 567 U.S. at 469 (quoting *Roper v. Simmons*, 543 U.S. 551, 560 (2005)); U.S. Const., amend. VIII. In *Miller*, "the Supreme Court held 'that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders,' *i.e.*, those under the age of 18. The [C]ourt relied on previous decisions establishing that children are constitutionally different from adults for sentencing purposes. [Citations.]" *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 38 (quoting *Miller*, 567 U.S. at 479). Specifically, the Court determined that, based on scientific research about adolescent brain development, juveniles lack maturity, are more susceptible to negative influences, and are more responsive to rehabilitation. *Roper*, 543 U.S. at 569-70.

¶ 26        As a matter of law, we find an eighth amendment claim does not exist where defendant was 18 years old when he committed the offense.  The Supreme Court in *Miller* explicitly held the eighth amendment only prohibits "mandatory life without parole for those under the age of 18" at the time of the offense.  *Miller*, 567 U.S. at 465.  Further, our supreme court has noted its agreement with federal court decisions rejecting claims to extend *Miller* to individuals who committed crimes as young adults.  *People v. Harris*, 2018 IL 121932, ¶ 61, 120 N.E.3d 900.

¶ 27        In *Harris*, the supreme court addressed whether the defendant's aggregate 76-year prison sentence, imposed for an offense committed when the defendant was 18 years old, violated the eighth amendment of the United States Constitution.  *Harris*, 2018 IL 121932, ¶¶ 1, 50.  On direct appeal, the appellate court recognized the Supreme Court "drew a line between juveniles and adults at the age of 18 years; while it acknowledged that the line was arbitrary, it 'must be drawn.' " *People v. Harris*, 2016 IL App (1st) 141744, ¶ 56, 70 N.E.3d 718 (quoting *Roper*, 543 U.S. at 574).  Ultimately, the appellate court determined the defendant "falls on the adult side of that line; therefore, the Eighth Amendment does not protect [the defendant] from what is effectively a life sentence and we reject *any* challenge on this ground."  (Emphasis added.) *Harris*, 2016 IL App (1st) 141744, ¶ 56.

¶ 28        After allowing the State's petition for leave to appeal as a matter of right, the supreme court addressed the defendant's eighth amendment claim.  *Harris*, 2018 IL 121932, ¶ 20.  The supreme court addressed both facial and as-applied constitutional challenges to the eighth amendment.  *Id.* ¶ 53.  "[A] facial challenge requires the challenging party to establish that the statute is unconstitutional under any possible set of facts."  *Id.* ¶ 52 (citing *People v. Thompson*, 2015 IL 118151, ¶ 36, 43 N.E.3d 984).  In contrast, an "as-applied challenge requires

a showing that the statute is unconstitutional as it applies to the challenging party's specific circumstances." *Id.* (citing *Thompson*, 2015 IL 118151, ¶ 36).

¶ 29 The supreme court determined the defendant presented a facial challenge where the defendant argued "the eighth amendment protection for juveniles recognized in *Miller* should be extended to all young adults under the age of 21." *Id.* ¶ 53. The supreme court found the defendant's facial challenge failed. *Id.* Further, the supreme court stated, "To the extent that [the] defendant may have intended to raise an as-applied challenge under the eighth amendment, that claim would fail for the same reason as his challenge under the Illinois Constitution failed, because no evidentiary hearing was held and no findings of fact were entered on how *Miller* applied to him as a young adult." *Id.*

¶ 30 Ultimately, the supreme court rejected the defendant's eighth amendment claim. *Id.* ¶ 54. In doing so, the supreme court stated, "The appellate court held [the] defendant's eighth amendment claim fails because he falls on the adult side of that line. [Citation]. We agree." (Internal quotation marks omitted.) *Id.*

¶ 31 While the supreme court in *Harris* did mention that any as-applied challenge pursuant to the eighth amendment would suffer from the same failings defeating defendant's as-applied proportionate penalties claim, this statement was not essential to the court's holding in the case. In fact, when closely read, *Harris* reveals that the supreme court ultimately agreed with the appellate court's determination on the defendant's eighth amendment claim. The appellate court determined the eighth amendment did not protect the adult defendant and stated, "[W]e reject *any* challenge on this ground." (Emphasis added.) *Harris*, 2016 IL App (1st) 141744, ¶ 56. Based on the case law, we reject defendant's eighth amendment as-applied challenge

because defendant was an adult at the time he committed the offense, and thus, in this instance, as a matter of law, defendant is not entitled to any protection afforded by the eighth amendment.

¶ 32      Accordingly, the trial court properly denied defendant leave to file a successive postconviction petition.

¶ 33                    III. CONCLUSION

¶ 34      For the reasons stated, we affirm the trial court's judgment.

¶ 35      Affirmed.