2023 IL App (4th) 210245

NOS. 4-21-0245, 4-21-0260 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 21, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ROBBIE MOORE, | ) | Nos.   96CF264, |
| Defendant-Appellant. | ) |         00CF246. |
| | ) | |
| | ) | Honorable |
| | ) | Derek J. Girton, |
| | | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Cavanagh and Knecht concurred in the judgment and opinion.


**OPINION**

¶ 1        Defendant, Robbie Moore, appeals from the trial court's order denying him leave

to file a successive postconviction petition. This court appointed the Office of the State Appellate

Defender (OSAD) to represent defendant on appeal.

¶ 2        OSAD has moved to withdraw as counsel on appeal because, after reviewing the

record, OSAD has determined that defendant's appeal lacks arguable merit. For the following

reasons, we grant OSAD's motion and affirm the trial court's judgment. We also order defendant

to show cause within 30 days why sanctions should not be entered against him, pursuant to Illinois

Supreme Court Rule 375(b) (eff. Feb. 1, 1994), for filing a frivolous appeal.

¶ 3                                I. BACKGROUND

¶ 4        In June 1996, in case No. 96-CF-264, the State charged defendant, Robbie Moore,

with three counts of aggravated criminal sexual assault (counts I and II to T.C. and count III to J.G.) (720 ILCS 5/12-14(b)(1) (West 1994)) and one count of aggravated criminal sexual abuse (count IV to A.C.) (*id.* § 12-16(d)). The trial court later granted the State leave to amend the aggravated criminal sexual assault charges (counts I to III) to three counts of predatory criminal sexual assault of a child. 720 ILCS 5/12-14.1 (West 1996).

¶ 5 In January 1997, the trial court conducted a bench trial and found defendant guilty of all charges. In April 1997, the court sentenced defendant to 20 years in prison on each of the three counts of predatory criminal sexual assault of a child and 7 years in prison for aggravated criminal sexual abuse, with these sentences to be served consecutively.

¶ 6 On direct appeal, the Illinois Supreme Court reversed defendant's convictions for predatory criminal sexual assault of a child because, while defendant's appeal was pending, the statute that created the offense of predatory criminal sexual assault of a child (Pub. Act 89-428 (eff. Dec. 13, 1995)) was declared void *ab initio* because it was passed in violation of the single-subject clause of the Illinois Constitution. *People v. Tellez-Valencia*, 188 Ill. 2d 523, 525-26, 723 N.E.2d 223, 224-25 (1999). Defendant's conviction and seven-year sentence for aggravated criminal sexual abuse of A.C. remained in force.

¶ 7 In May 2000, in case No. 00-CF-246, the State charged defendant with two counts of aggravated criminal sexual assault to T.C. and one count of aggravated criminal sexual assault to J.G. Following a jury trial, defendant was convicted of all three offenses and was sentenced to 30 years in prison for each offense, to be served consecutively.

¶ 8 On direct appeal of these new convictions, defendant argued that (1) the State gave inadequate notice of its intent to use child victim statements, (2) his guilt was not proven beyond a reasonable doubt, and (3) his sentence was improperly increased on appeal. In 2002, this court

affirmed defendant's convictions but reduced the sentence on each count to 20 years, to be served consecutively. *People v. Moore*, No. 4-00-0890 (2002) (unpublished order under Illinois Supreme Court Rule 23).

¶ 9                              A. Previous Petitions

¶ 10                    1. *The Initial Petition for Postconviction Relief*

¶ 11        In May 2003, defendant filed (in both case No. 96-CF-264 and case No. 00-CF-246) his initial petition for postconviction relief. In his petition, he asserted that (1) the trial court failed to apply the rule from *People v. Maggette*, 195 Ill. 2d 336 (2001), that neither a hand nor a finger is an object (for purposes of committing an act of sexual penetration), (2) the trial court violated his constitutional right to confront his accuser, (3) the State did not prove all the elements of the offense, (4) trial counsel was ineffective for failing to object to the prosecutor positioning himself between the victim and defendant while questioning the victim, (5) trial counsel was ineffective for failing to impeach the State's witnesses, (6) trial counsel was ineffective for failing to ask the court to instruct the jury on the lesser-included offense of aggravated criminal sexual abuse, and (7) appellate counsel was ineffective for failing to raise all of these issues on direct appeal.

¶ 12        The trial court summarily dismissed the petition in case No. 96-CF-264 because no issues applied to that conviction, but it appointed counsel in case No. 00-CF-246. In September 2004, postconviction counsel filed an amended petition, alleging only that defendant was denied his right to view J.G. while he was testifying. The court denied this claim after a third-stage evidentiary hearing. OSAD was appointed to represent defendant on appeal and filed a motion to withdraw on the basis that there was no arguably meritorious issue on appeal.

¶ 13        In July 2006, this court affirmed the trial court's judgment and allowed OSAD's

- 3 -

motion to withdraw. *People v. Moore*, No. 4-05-0325 (2006) (unpublished order under Illinois Supreme Court Rule 23).

¶ 14          2. *The First Motion for Leave To File a Successive Postconviction Petition*

¶ 15          In December 2009, defendant filed (in both cases) a second postconviction petition in which he asserted the following claims: (1) the charging instruments were void and unconstitutional, (2) the witness testimonies contained contradictions and perjury, (3) the State failed to prove an act of sexual penetration occurred, (4) in both cases, his trial counsel gave "damaging closing arguments," (5) in case No. 96-CF-264 the prosecutor and judge "chang[ed] the title of the charge during mid-proceedings," (6) the victims were paid $25 each to lie to the police, (7) the circuit judge presiding over the first postconviction petition lied when she said case No. 96-CF-264 was reversed in part and affirmed in part, and (8) postconviction counsel failed to present all of defendant's claims when counsel filed the amended (first) postconviction petition.

¶ 16          In March 2010, the trial court dismissed the petition because defendant did not obtain leave of court to file a successive postconviction petition. Later in March, defendant filed a motion for leave to file the successive petition, which the court denied because defendant failed to allege cause or prejudice. In a written order, the trial court found that "Defendant has filed and continues to file a number of pleadings; all of which are frivolous and patently without merit," and "has clearly abused the process and continues to do so." The court notified the Illinois Department of Corrections (DOC) of the frivolous filing pursuant to section 3-6-3(d)(1) of the Unified Code of Corrections. 730 ILCS 5/3-6-3(d)(1) (West 2008).

¶ 17          3. *The Petitions for Relief From Judgment*

¶ 18          In September 2012, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401(West 2010)), raising 16

different claims, including attacks on the trial testimony, trial counsel's performance, the prosecutor, the circuit court judges, and the constitutionality of the charges and proceedings.

¶ 19        Later that same month, defendant filed a preprinted form document titled "Petition for *Habeas Corpus*." In this petition, defendant alleged the same issues he had alleged in the section 2-1401 petition. That same day, defendant filed various other motions, titled "Motion of Request," "Motion for the Request of Appointment of Counsel," and "Motion to Request Leave in Order to File an Appeal." In these filings, defendant again repeated many of the allegations he had made in the section 2-1401 petition and the *habeas corpus* petition.

¶ 20        In November 2012, the trial court entered an order dismissing defendant's September and October 2012 petitions and motions, finding that "no legal basis exists for the relief sought by the Defendant in any pleading pending before this court."

¶ 21        In February 2014, the appellate court vacated the dismissal and remanded for further proceedings because the State was never served with a copy of the petition. *People v. Moore*, No. 4-12-1034 (2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 22        In April 2014, defendant filed (in both cases) an amended petition for relief from judgment pursuant to section 2-1401. 735 ILCS 5/2-1401 (West 2014). The amended petition alleged the following: (1) the prosecutor, as a county employee, had no authority to represent the State of Illinois, (2) the trial judge and the prosecutor had a conflict of interest because they had previously sent defendant to jail, (3) the prosecutor used illicit drugs, (4) the trial judge was an alcoholic, (5) J.G. changed his story at trial and his testimony was implausible, (6) "the circuit court violated due process of law by changing title of charge in mid-proceeding," (7) T.C. lied, (8) the Illinois Supreme Court erred by reversing case No. 96-CF-264 without ordering

defendant's immediate release, (9) the trial judge violated *habeas corpus* when she removed defendant from the custody of DOC and placed him in the custody of the county sheriff, (10) the State violated double jeopardy when it recharged defendant using the same information, (11) the aggravated criminal sexual assault statute is unconstitutional because it does not require physical evidence of penetration, (12) after J.G. testified that he forgot what happened, the prosecutor asked leading questions to direct J.G.'s testimony, and (13) J.G. testified that he did not recognize defendant.

¶ 23     Later that same month, defendant filed in case No. 96-CF-264 a second section 2-1401 petition, in which he asked the trial court to "wake up and pay attention to Reversable Errors [*sic*]" and grant his petitions. Regarding his first trial, defendant raised the following errors: (1) the charging instrument was unconstitutional, (2) his attorney was ineffective "throughout the proceedings," and (3) he was unlawfully detained after his convictions were reversed. Defendant also raised the following errors from his second trial: (1) the charging instrument was unconstitutional and violated double jeopardy, (2) "there [were] several contradictions in the testimony(ies)," (3) "the doctor was not [subpoenaed]," (4) he had ineffective assistance of counsel "through the whole proceedings," and (5) the trial court lied about the disposition of defendant's case in the supreme court.

¶ 24     In May 2014, defendant filed a third petition for relief from judgment, listing all of his convictions since 1987, and argued that every conviction was unconstitutional because he "never attended a Grand Jury indictment hearing." He asked that the trial court reverse, overturn, and expunge his criminal history, or he would seek a wrongful conviction award of $2.4 million.

¶ 25     The State filed a motion to dismiss defendant's petitions for relief from judgment.

¶ 26     In December 2014, the trial court entered a written order dismissing defendant's

petitions for relief from judgment, writing that his "numerous pleadings have not set forth a legal basis under Illinois law to grant relief from the judgments rendered herein." This court affirmed the trial court's dismissals. *People v. Moore*, No. 4-15-0025 (2016) (unpublished summary order filed under Illinois Supreme Court Rule 23(c)). (We note that the cause was remanded for the vacatur of fines.)

¶ 27                    B. The Second and Third Motions for Leave To File

a Successive Postconviction Petition

¶ 28          1. *The Second Motion for Leave To File a Successive Postconviction Petition*

¶ 29          In January 2017, defendant filed a second motion for leave to file a successive postconviction petition. Defendant asserted that the trial court improperly denied his first postconviction petition because the court did not "review the issues raised" and ignored reversible errors, contradictions, acts of perjury, and violations of due process. Defendant asserted the following claims of error: (1) the indictment was unlawful because it done by information and not a grand jury, (2) the State did not prove that intrusion occurred, a necessary element for aggravated criminal sexual assault, (3) the aggravated criminal sexual assault statute is unconstitutional because it does not require physical evidence to prove the offense, (4) the prosecutor, as a county employee, did not have authority to represent the State of Illinois, (5) the State violated due process by changing the title of the charges in the middle of the proceedings, (6) the victims committed perjury and made conflicting statements, (7) the "informational indictment is unlawful and unconstitutional," (8) case No. 00-CF-246 "is a violation of double jeopardy," (9) during the second trial, the State obstructed respondent's view of J.G., thus violating his right to confront his accuser, (10) J.G. was never asked to describe defendant, and therefore J.G. did not identify defendant, (11) the State did not prove defendant guilty beyond a reasonable doubt, and (12) the

doctor that "checked out" T.C. was not subpoenaed to testify.

¶ 30        In April 2017, the trial court entered a written order denying defendant's second motion for leave to file a successive petition. The court wrote the following:

> "[Defendant seeks] to re-argue issues previously addressed either in his direct appeal, or prior petition. Those matters not previously addressed have been waived. The basis for allowing the filing of a subsequent petition do not include re-litigation of facts from the original trial, unless it can be shown there was some objective factor which precluded the petitioner from raising them at that time.
>
> [Defendant's] motion is devoid of any claim or allegation which would entitle to him to the relief sought."

This court affirmed. *People v. Moore*, No. 4-17-0457 (2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 31        2. *The Third Motion for Leave To File a Successive Postconviction Petition*

¶ 32        In January 2021, defendant filed a third motion for leave to file a successive postconviction petition. (We note that, although the attached petition was a fill-in-the-blank form for a section 2-1401 petition, in his certificate of service defendant identified the filing as a motion for leave to file a successive petition). Defendant asserted 12 claims that he had raised in his prior filings.

¶ 33        In March 2021, the trial court dismissed defendant's motion and petition by docket entry because "[n]either pleading was accompanied by an affidavit supporting factually allegations." The court granted defendant leave to refile.

¶ 34        3. *Amended Third Motion for Leave To File a Successive Postconviction Petition*

¶ 35        Later in March 2021, defendant filed an "amended successive post-conviction

petition," which is the subject of this appeal. The trial court construed this filing as a motion for leave to file a successive postconviction petition. Defendant asked the court to "consolidate the originally filed petitions and motions" and asserted the following claims: (1) defendant was unlawfully indicted by way of information instead of by a grand jury, (2) the prosecutor did not have legal authority to prosecute the case, (3) the State violated due process by changing the title of the charges during the proceedings, (4) the Illinois Supreme Court reversed case No. 96-CF-264 but failed to order defendant's immediate release, (5) the trial judge lied when she stated that defendant's case was reversed in part, (6) the State violated double jeopardy by recharging defendant for the same offense, (7) the accusers perjured and contradicted themselves, (8) the State failed to prove defendant guilty beyond a reasonable doubt, and (9) the aggravated criminal sexual assault statute is unconstitutional because it "contradicts other statutes."

¶ 36        Defendant attached an affidavit stating that the filing was factual and truthful.

¶ 37        In April 2021, the trial court denied defendant's motion for leave to file a successive postconviction petition because "[n]either within the body of the Petition or by affidavit does Defendant present cause as to why any of the issues raised were not first raised on direct appeal or in his first Post-Conviction Petition."

¶ 38        This appeal followed.

¶ 39                                II. ANALYSIS

¶ 40        Defendant appeals in both case Nos. 96-CF-264 and 00-CF-246. We have appointed OSAD to represent defendant on appeal and have granted OSAD's motion to consolidate defendant's appeals. OSAD has filed a motion to withdraw as counsel on appeal on the basis that, after reviewing the record, any appeal would be without arguable merit. Specifically, in a memorandum supporting OSAD's motion to withdraw as counsel, OSAD argues that

- 9 -

defendant cannot satisfy the cause and prejudice test for obtaining leave to file a successive postconviction petition because his claims are barred by *res judicata*.

¶ 41 OSAD provided defendant with a copy of its motion and supporting memorandum. Defendant filed a response (1) stating that he has no objection to OSAD's motion to withdraw and (2) attaching an "Affidavit of Intent to File a Petition for Leave to Appeal to the Illinois Supreme Court" and petition for leave to appeal.

¶ 42 The State argues that (1) OSAD's motion to withdraw should be granted, (2) the trial court's judgment should be affirmed, and (3) this court should impose sanctions for defendant's frivolous filing of his appeal. We agree with OSAD and the State, affirm the trial court's judgment, and order defendant to show cause why sanctions should not be imposed.

¶ 43                                      A. The Applicable Law

¶ 44 The Post-Conviction Hearing Act (Act) allows a criminal defendant to assert in a petition that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2020). Postconviction proceedings are collateral to proceedings on direct appeal and, thus, " 'focus on constitutional claims that have not and could not have been previously adjudicated.' " *People v. Dorsey*, 2021 IL 123010, ¶ 31, 183 N.E.3d 715 (quoting *People v. Holman*, 2017 IL 120655, ¶ 25, 91 N.E.3d 849). For that reason, the doctrine of *res judicata* bars issues that were raised and decided on direct appeal, and forfeiture precludes issues that could have been raised but were not. *Id.*

¶ 45 "The Act itself contemplates the filing of a single petition ***." *People v. Lusby*, 2020 IL 124046, ¶ 27, 182 N.E.3d 563. A petitioner must obtain leave of court to file a second or subsequent petition. 725 ILCS 5/122-1(f) (West 2020); *Lusby*, 2020 IL 124046, ¶ 27. To obtain

leave of court, a defendant must demonstrate (1) "cause" for the failure to raise the claim in the initial petition and (2) "prejudice" resulting from that failure. *Lusby*, 2020 IL 124046, ¶ 27. To demonstrate "cause," a defendant must identify an objective factor that impeded his ability to raise a specific claim during the initial postconviction proceeding. 725 ILCS 5/122-1(f) (West 2020). To demonstrate "prejudice," a defendant must show that the claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process. *Id.*

¶ 46 Leave of court to file a successive petition should be denied when it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings. *People v. Smith*, 2014 IL 115946, ¶ 35, 21 N.E.3d 1172. A trial court's denial of leave to file a successive petition is reviewed *de novo*. *Lusby*, 2020 IL 124046, ¶ 27; *People v. Bailey*, 2017 IL 121450, ¶ 13, 102 N.E.3d 114.

¶ 47 B. This Case

¶ 48 Counsel for OSAD seeks to withdraw because she can identify no meritorious issue on appeal. Specifically, she asserts that, having reviewed the record, she concludes that the trial court did not err by denying defendant leave to file a third successive postconviction petition because defendant's claims are barred by *res judicata* and, consequently, he cannot set forth a *prima facie* case of cause or prejudice as required by the Act.

¶ 49 In her brief, counsel has set forth in painstaking detail why each claim is barred by *res judicata* by identifying for each claim the prior proceeding in which the claim was previously brought. We thank counsel for her detailed analysis. Having undertaken our own detailed review of the record (as evidenced by the lengthy background set forth in this opinion), we agree that the trial court properly denied defendant leave to file his third successive postconviction petition because each of defendant's claims (1) has been raised and adjudicated in a prior proceeding or

(2) could have been raised in a prior proceeding.

¶ 50 For example, in defendant's March 2021 amended motion for leave to file a third successive postconviction petition, defendant alleges that he was unlawfully indicted by way of information instead of a grand jury. Defendant previously brought challenges to the charging instruments in (1) his December 2009 first motion for leave to file a successive postconviction petition, when he alleged that the charging instruments were void and unconstitutional, (2) his April 2014 amended section 2-1401 petition, when he alleged that the State violated double jeopardy by recharging him using the same information, (3) his April 2014 second section 2-1401 petition, when he alleged that the charging instrument was unconstitutional and violated double jeopardy, (4) his May 2014 third section 2-1401 petition, when he alleged that all of his convictions were unconstitutional because he never attended a grand jury, and (5) his January 2017 second motion for leave to file a successive petition, when he alleged that the indictment was unlawful because it was done by way of information and not a grand jury. Defendant's first and second motions for leave to file a successive postconviction were summarily dismissed and affirmed on appeal. Each of his section 2-1401 petitions were dismissed on their merits. Moreover, any challenge to the charging documents could have been brought on direct appeal or in the initial postconviction petition.

¶ 51 That same analysis can be repeated for each claim defendant sought to bring in his third postconviction petition. We need not repeat the analysis for each claim here, as the repeated and meritless nature of defendant's claims is evident from the detailed factual background we have recited above.

¶ 52 Accordingly, we conclude that the trial court properly denied defendant leave to file a successive postconviction petition because all defendant's claims have been either previously

brought, previously adjudicated, or could have been brought on direct appeal or in the initial postconviction petition. Therefore, defendant cannot make a *prima facie* showing of cause for his failure to bring each claim in an earlier proceeding. Moreover, in his motion for leave to file a third amended petition, defendant did not even attempt to allege a *prima facie* showing of cause or prejudice. For these reasons, we affirm the trial court's judgment.

¶ 53                    C. Defendant's Abuse of the Court System

¶ 54        Since defendant was convicted, he has filed multiple pleadings attacking his convictions. The filings include, but are not limited to, a direct appeal, an initial postconviction petition, three motions for leave to file successive postconviction petitions, three petitions for relief from judgment, and one *habeas corpus* petition. The trial court has consistently found the pleadings procedurally barred or frivolous, and this court has affirmed those findings. This appeal presents one more bad-faith attempt to abuse the judicial system by once again filing the same unsupported and meritless claims.

¶ 55        Notably, defendant continues to make these claims, despite the trial court (1) finding defendant's first motion for leave to file a successive postconviction petition to be frivolous and (2) notifying DOC of its authority to revoke defendant's sentence credit under section 3-6-3(d)(1) of the Unified Code of Corrections. 730 ILCS 5/3-6-3(d)(1) (West 2010).

¶ 56        In *People v. Austin*, 2014 IL App (4th) 140408, ¶ 23, 23 N.E.3d 615, this court made the following observation regarding the harmful effects of frivolous filings on the judicial system:

> "Because the right to meaningful postconviction procedures is so important to ensure that meritorious claims do not escape review, it is imperative that these procedures be protected from abuse. When a small number of prisoners incessantly

- 13 -

bombard the court system with frivolous and misleading litigation, their doing so strains the system's financial and human resources and makes it less likely that meritorious claims will be detected and appropriately resolved. Frivolous litigation wastes time, money, and resources that could be better spent addressing potentially meritorious claims filed by good-faith litigants. For this reason, courts need to proactively deprive abusive litigants of their ability to commandeer the court's docket."

¶ 57          1. *Sanctions for Frivolous Filings in the Trial Court*

¶ 58          The courts of this state may take measures "to restrain litigants from maintaining vexatious litigation." *Id.* ¶ 24 (citing *People v. Ryburn*, 378 Ill. App. 3d 972, 977, 884 N.E.2d 1178, 1182 (2008)). To that end, Illinois law provides various tools for circuit and appellate courts to employ to deter frivolous filings, such as the payment of fees and costs, revocation of sentencing credit, and imposition of monetary sanctions.

¶ 59          a. Revocation of Sentence Credit—730 ILCS 5/3-6-3(d)

¶ 60          Section 3-6-3(d) of the Unified Code of Corrections (730 ILCS 5/3-6-3(d) (West 2020)) authorizes DOC to revoke sentence credit when a prisoner has filed a frivolous lawsuit against the State, DOC, the prisoner review board (PRB), or any of their officers or employees. A "lawsuit" is defined as (1) a motion pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/116-3 (West 2020)), (2) a *habeas corpus* petition under article X of the Code of Criminal Procedure (735 ILCS 5/art. X (West 2020)) (or federal law (28 U.S.C. § 2254 (2018)), (3) a petition under the Court of Claims Act (705 ILCS 505/1 *et seq.* (West 2020)), (4) an action under the federal Civil Rights Act (42 U.S.C. § 1983 (2018), (4) a second or subsequent petition under the Act, or (5) a second or subsequent petition

- 14 -

for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). 730 ILCS 5/3-6-3(d)(2) (West 2020).

¶ 61     A "lawsuit" is "frivolous" if it meets any of the following conditions:

"([1]) it lacks an arguable basis either in law or in fact;

([2]) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

([3]) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

([4]) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or

([5]) the denials of factual contentions are not warranted on the evidence, or if specifically so identified, are not reasonably based on a lack of information or belief." *Id.* § 3-6-3(d)(1).

¶ 62     If the court makes a specific finding that a filing is frivolous, section 3-6-3(d) requires that DOC "*shall* conduct a hearing to revoke up to 180 days of sentence credit" by bringing charges against the defendant before the PRB. (Emphasis added.) *Id.* § 3-6-3(d).

¶ 63     As we discussed earlier, in March 2010, the trial court in the present case advised DOC in writing of the court's finding that defendant's "subsequent petition along with other pleadings were frivolous" pursuant to section 3-6-3(d). The record contains no information regarding DOC's compliance with its statutory obligation to conduct a sentence revocation

hearing. Furthermore, the loss of up to 180 days of sentence credit may be an insufficient deterrent to a prisoner who is serving a lengthy sentence, such as in the present case. Accordingly, the law provides other tools to deter frivolous filings, such as the payment of filing fees, court costs, or other monetary sanctions.

¶ 64　　　　　　b. Payment of Filing Fees and Court Costs—Section 22-105(a)

¶ 65　　　　　Section 22-105(a) of the Code of Civil Procedure (735 ILCS 5/22-105(a) (West 2020)), is a corollary to section 3-6-3(d) of the Unified Code of Corrections that imposes responsibility for the payment of filings fees and court costs upon a prisoner who files a frivolous lawsuit against the State, DOC, PRB, or any of their officers or employees. The section applies when (1) a prisoner has filed a pleading, motion or "other filing" seeking relief under (a) the Act, (b) section 116-3 of the Code of Criminal Procedure, (c) article X of the Code of Civil Procedure (as a *habeas corpus* proceeding), (d) the Court of Claims Act, or (e) a second or subsequent petition for relief from judgment under section 2-1401 of the Code of Civil Procedure and (2) the circuit court has made a specific finding that the filing is frivolous. *Id.* (We note that, unlike section 3-6-3(d) of the Unified Code of Corrections, section 22-105 of the Code of Civil Procedure does not limit its applicability to a second or subsequent postconviction petition.)

¶ 66　　　　　The definition of "frivolous" in section 22-105 is identical to that in section 3-6-3(d)(1), set forth above (*supra* ¶ 61). 735 ILCS 5/22-105(b) (West 2020).

¶ 67　　　　　When a court has made a specific finding that a filing is frivolous, section 22-105 sets forth specific procedures for the assessment and collection of the filing fees and court costs from the prisoner's existing trust account. *Id.* § 22-105(a).

¶ 68　　　　　Notably, section 122-4 of the Act specifically provides that a prisoner who files a pleading, motion, or other document under the Act that is determined to be frivolous "shall not

proceed as a poor person and shall be liable for the full payment of filing fees and actual court costs as provided in [section 22-105(a)] of the Code of Civil Procedure." 725 ILCS 5/122-4 (West 2020).

¶ 69                    c. Additional Monetary Sanctions—Rule 137

¶ 70        Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) confers broad authority upon trial courts to sanction attorneys or parties who violate the rule, which states as follows:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

¶ 71        Upon finding a violation of the rule, the trial court is authorized to impose an "appropriate sanction." *Id.* Like Rule 375(b), Rule 137(a) does not define an "appropriate sanction" but offers as an example payment to the other party of reasonable expenses incurred due to the improper filing. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).

¶ 72        Although Rule 137 is applicable to civil cases, it is also applicable to proceedings initiated under the Act. *People v. Bowman*, 335 Ill. App. 3d 1142, 1155, 782 N.E.2d 333, 344 (2002); see also *People v. Greer*, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 520 (2004) ("[T]he mere filing of an amended [postconviction] petition by counsel [who has determined the claims are meritless] would appear to violate the proscriptions of *** Rule 137 [citation].").

¶ 73　　　　All the above tools are available to help deter defendants from filing frivolous appeals and allow state resources to be utilized more efficiently to address more meritorious claims. We encourage their use.

¶ 74　　　　　　　　　*2. Sanctions for Frivolous Filings in the Appellate Court*

¶ 75　　　　Illinois Supreme Court Rule 375(b) (eff. Feb. 1, 1994) authorizes the appellate court to impose monetary sanctions for appeals or other actions in the appellate court that are frivolous or not taken in good faith. The rule reads as follows:

> "If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is *frivolous*, or that an appeal or other action was not taken in good faith, for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose, *an appropriate sanction may be imposed upon any party* or the attorney or attorneys of the party or parties." (Emphases added.) *Id.*

¶ 76　　　　The rule defines "frivolous" as "not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." *Id.*

¶ 77　　　　　　　　　　　　　*3. This Case*

¶ 78　　　　We have every reason to believe defendant's ongoing abuse of the judicial system will continue. As we explained in *People v. Donley*, 2015 IL App (4th) 130223 ¶ 41, 29 N.E.3d 683, "the normal disincentives that affect the general public, be they economic, professional, or social, do not apply to defendant. Simply put, defendant has nothing to lose by continuing to burden the courts with his frivolous pleadings."

¶ 79 That same sentiment this court expressed in *Donely* applies here. Because the judiciary cannot allow the "squandering of scarce judicial resources to continue unabated" (*id.*), if defendant continues to waste state resources, it will come at his cost.

¶ 80 Accordingly, we conclude that (1) defendant's filing of his amended motion to file a third successive postconviction petition was frivolous, (2) the trial court properly denied defendant leave to file a successive postconviction petition, and (3) defendant's appeal of the trial court's decision was also frivolous because it was neither reasonably well-grounded in fact nor warranted by existing law.

¶ 81 As part of our judgment, we order defendant to show cause within 30 days why sanctions should not be entered against him under Illinois Supreme Court Rule 375(b) (eff. Feb 1, 1994) for his filing of this frivolous appeal. Until such time as (1) defendant responds to this order and (2) this court determines what action to take, we direct the clerk of this court to disregard—and by that we mean to not file—any new appeals submitted to this court by defendant. See *People v. Harper*, 2019 IL App (4th) 180160, ¶ 20, 124 N.E.3d 615; *Donley*, 2015 IL App (4th) 130223, ¶ 44; *People v. Alexander*, 2014 IL App (4th) 130132, ¶ 59, 23 N.E.3d 621; *Austin*, 2014 IL App (4th) 140408, ¶ 26; *Williams v. Commissary Department of the Department of Corrections*, 407 Ill. App. 3d 1135, 1138, 948 N.E.2d 1061 , 1063 (2011); see also *In re City of Chicago*, 500 F.3d 582, 584-85 (7th Cir. 2007) (ordering the clerks of every court within the seventh circuit to "return, unfiled, papers tendered by [the defendant] until he has satisfied all unpaid filing fees and sanctions," reasoning that "[t]he due process clause entitles every litigant to a full and fair opportunity to be heard; it does not entitle anyone to be heard on the same question over and over").

¶ 82 We further remind the trial court of its statutory authority to collect funds from

defendant's DOC trust fund account in order to pay the costs of this litigation. See *Austin*, 2014 IL App (4th) 140408, ¶ 25 (" 'If a prisoner confined in an Illinois Department of Corrections facility files a pleading \*\*\* and the Court makes a specific finding that the pleading \*\*\* filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs.' " (quoting 735 ILCS 5/22-105(a) (West 2012))).

¶ 83        As a final note to trial courts dealing with frequent frivolous filers like defendant, we observe that section 122-105(a) does not allow a trial court, as part of its sanction under that section, to order the clerk to not accept future filings until the filing fees and court costs are paid (see 735 ILCS 5/22-105(a) (West 2020) ("Nothing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs.")). However, Rule 137 contains no such restriction. We see no obstacle under Rule 137 for a trial court to issue an order similar to the one we have issued today, directing the circuit clerk to disregard filings until sanctions are determined or satisfied.

¶ 84                                III. CONCLUSION

¶ 85        For the reasons stated, we affirm the trial court's judgment.

¶ 86        Affirmed.

*People v. Moore*, 2023 IL App (4th) 210245

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Vermilion County, Nos. 00-CF-246, 96-CF-264; the Hon. Derek J. Girton, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Susan Wilham, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Jacqueline Lacy, State's Attorney, of Danville (Patrick Delfino, David J. Robinson, and Luke McNeill, of State's Attorneys Prosecutor's Office, of counsel), for the People. |