NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220423-U

NO. 4-22-0423

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| BARRY K. SANDERS, | ) | No. 05CF660 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Raylene Grischow, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to
            withdraw as counsel and affirmed the trial court's judgment as no issue of
            arguable merit could be raised on appeal.

¶ 2         Defendant, Barry K. Sanders, appeals from the trial court's denial of his motion

for leave to file a successive postconviction petition. On appeal, the Office of the State Appellate

Defender (OSAD) moves to withdraw as counsel on the grounds no issue of arguable merit can

be raised. We grant OSAD's motion and affirm the court's judgment.

¶ 3                                I. BACKGROUND

¶ 4         In May 2005, the State charged defendant with one count of aggravated battery

with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2004)) and one count of unlawful possession of a

weapon by a felon (*id.* § 24-1.1(a)). In May 2006, the matter proceeded to a jury trial solely on

the aggravated battery with a firearm count. At the close of the State's evidence, defendant

tendered jury instructions for aggravated discharge of a firearm and reckless discharge of a firearm. Defendant's counsel stated, "I have discussed these matters with [defendant], and it is his desire to tender [a] lesser[-]included instruction in this matter." The trial court accepted defendant's aggravated discharge of a firearm instruction.

¶ 5        The State sought to have an additional instruction tendered conveying if the jury found defendant guilty of aggravated discharge of a firearm, then it must find defendant guilty of aggravated battery with a firearm. Defendant argued for an alternative instruction such that if the jury found defendant guilty of reckless discharge of a firearm, then it must find him not guilty of aggravated battery with a firearm and aggravated discharge of a firearm, or if the jury found defendant guilty of aggravated discharge of a firearm, then it must find him not guilty of aggravated battery with a firearm and reckless discharge of a firearm. Neither the State nor defendant's additional instructions were allowed.

¶ 6        Pursuant to defendant's request, the trial court gave the jury instructions for aggravated discharge of a firearm as an included offense to aggravated battery with a firearm. The jury was also given separate verdict forms for aggravated battery with a firearm and aggravated discharge of a firearm.

¶ 7        The jury convicted defendant of both aggravated battery with a firearm and aggravated discharge of a firearm. The lesser-included aggravated discharge with a firearm offense was merged into the aggravated battery with a firearm conviction.

¶ 8        In July 2006, the trial court sentenced defendant to 28 years in prison on the aggravated battery with a firearm conviction.

¶ 9        Defendant appealed, arguing the trial court abused its discretion in denying his motion *in limine* requesting his prior conviction not be used to impeach him. This court affirmed.

*People v. Sanders*, No. 4-06-0782 (Feb. 8, 2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 10        In November 2008, defendant filed his first postconviction petition, alleging ineffective assistance of both trial and appellate counsel related to trial counsel's failure to seek a mistrial regarding a juror incident during deliberations. The State filed a motion to dismiss, which the trial court granted. Defendant appealed and this court affirmed. *People v. Sanders*, 2014 IL App (4th) 120115-U.

¶ 11        In April 2017, defendant filed a motion for leave to file a successive postconviction petition. Following a July 2017 hearing, the trial court dismissed defendant's petition. OSAD was appointed to represent defendant on appeal. OSAD then filed a motion to dismiss the appeal under Illinois Supreme Court Rule 606(c) (eff. July 1, 2017), which we granted. *People v. Sanders*, No. 4-18-0524 (Oct. 31, 2018) (unpublished order).

¶ 12        In April 2022, defendant filed a motion for leave to file a successive postconviction petition. Defendant's motion focused on his aggravated discharge of a firearm conviction. Specifically, defendant argued (1) his trial counsel was ineffective for introducing the aggravated discharge of a firearm instruction because it is not a lesser-included offense to aggravated battery with a firearm; (2) the inclusion of the aggravated discharge of a firearm instruction violated his due process rights because he was convicted of an uncharged offense; (3) the State improperly used aggravated discharge of a firearm as a lesser-included offense to secure a conviction on the charge of aggravated battery with a firearm; and (4) the trial court erred by instructing the jury, if it found defendant guilty of aggravated discharge *of* a firearm, it must also find him guilty of aggravated battery *with* a firearm.

¶ 13        On May 11, 2022, the trial court denied defendant's motion, finding defendant

had not shown cause for his failure to raise his claims in his initial postconviction petition or that any prejudice resulted. Defendant filed a timely notice of appeal and this court appointed OSAD to represent him on appeal.

¶ 14        This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16        OSAD has filed a motion to withdraw, asserting any appeal would be without arguable merit. Specifically, OSAD argues defendant (1) cannot satisfy the cause-and-prejudice test because his claims are barred by *res judicata*, (2) has not alleged an actual innocence claim, and (3) is barred from seeking relief under the invited-error doctrine. OSAD provided defendant a copy of its motion and supporting memorandum. Defendant filed a response objecting to OSAD's motion to withdraw, arguing his appeal has merit. For the reasons that follow, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 17                A. Leave to File a Successive Postconviction Petition

¶ 18        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2020)) permits a defendant to file a petition alleging "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." Postconviction proceedings are collateral to proceedings on direct appeal, centering on constitutional claims that were not and could not have been previously decided. *People v. Moore*, 2023 IL App (4th) 210245, ¶ 44. Therefore, issues raised and adjudicated on direct appeal are barred by *res judicata*, and issues "that could have been raised but were not" are precluded by forfeiture. *Id.*

¶ 19        "The Act itself contemplates the filing of a single petition." *People v. Lusby*, 2020 IL 124046, ¶ 27, 182 N.E.3d 563. However, there are two bases upon which the bar against

- 4 -

successive proceedings will be relaxed. *People v. Edwards*, 2012 IL 111711, ¶ 22, 969 N.E.2d 829. "The first basis for relaxing the bar is when a petitioner can establish 'cause and prejudice' for the failure to raise the claim earlier." *Id.* "The second basis by which the bar to successive postconviction proceedings may be relaxed is what is known as the 'fundamental miscarriage of justice' exception." *Id.* ¶ 23. However, "[t]o demonstrate such a miscarriage of justice, a petitioner must show actual innocence." *People v. Pitsonbarger*, 205 Ill. 2d 444, 459, 793 N.E.2d 609, 621 (2002). Here, defendant's motion does not make a claim of actual innocence.

¶ 20 Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2020)) provides a defendant must show (1) cause for failing to raise a claim in the defendant's initial postconviction petition and (2) prejudice resulting from the defendant's failure to raise the claim. *Moore*, 2023 IL App (4th) 210245, ¶ 45. Showing cause requires identifying an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition. *Id.* Showing prejudice requires the defendant to articulate how a "claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process." *Id.* "For a defendant to obtain leave to file a successive postconviction petition, *both* prongs of the cause-and-prejudice test must be satisfied." (Emphasis added.) *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 20, 134 N.E.3d 348.

¶ 21 "A trial court's denial of leave to file a successive petition is reviewed *de novo*." *Moore*, 2023 IL App (4th) 210245, ¶ 46. "[T]he cause-and-prejudice determination [is] made on the pleadings prior to the first stage of postconviction proceedings." *People v. Smith*, 2014 IL 115946, ¶ 33, 21 N.E.3d 1172. "To meet the cause-and-prejudice test for a successive petition requires the defendant to 'submit enough in the way of documentation to allow a circuit court to make that determination.' " *Id.* ¶ 35 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161, 923 N.E.2d

728, 734 (2010)). A defendant's motion for leave should be denied "when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Id.*

¶ 22                              1. *Ineffective Assistance of Counsel*

¶ 23          In his motion for leave, defendant argues his trial counsel was ineffective for tendering the aggravated discharge of a firearm instruction. However, defendant's petition fails to show an objective factor interfered with his ability to raise this issue in his initial postconviction petition. While defendant's initial petition made an ineffective assistance claim, it was based on trial counsel's failure to seek a mistrial related to a juror issue. Defendant cites the same record which would have been available to him during his initial postconviction petition. Defendant provides no explanation why he did not include the lesser-included offense claim in his initial petition. Thus, defendant fails to make a *prima facie* cause showing for purposes of satisfying the cause-and-prejudice test.

¶ 24                              2. *Uncharged Offense and Due Process*

¶ 25          Defendant's motion for leave to file a successive postconviction petition next argues the inclusion of the aggravated discharge of a firearm instruction and the subsequent conviction violated his due process rights because he was convicted of an uncharged offense. However, again, defendant could have raised the aggravated discharge of a firearm as a lesser-included offense issue in his initial postconviction petition. Defendant provides no objective reason for why he was unable to do so. Thus, defendant again fails to satisfy the cause prong of the cause-and-prejudice test.

¶ 26                              3. *Improper Use of Lesser-Included Offense by the State*

¶ 27    Defendant's motion for leave also contends the State improperly used aggravated discharge of a firearm as a lesser-included offense to secure a conviction on the aggravated battery with a firearm charge. However, defendant provides no support for his assertion. In fact, the record clearly shows it was not the State, but defendant, who sought the lesser-included offense. Defendant has failed to explain why he was unable to raise this issue in his initial postconviction petition. Thus, defendant has failed to establish the cause element of the cause-and-prejudice test.

¶ 28                                  4. *Jury Instructions*

¶ 29    Defendant's motion for leave to file contends the trial court erred in its jury instructions. Specifically, defendant argues the court erred by instructing the jury if it convicted defendant of aggravated discharge *of* a firearm, it must also convict him of aggravated battery *with* a firearm. While the State sought such an instruction during the jury instruction conference, the record reflects no such instruction was given to the jury. More important, defendant fails to offer any reason why he was unable to raise this issue in his initial postconviction petition.

¶ 30                                  B. Invited Error

¶ 31    OSAD maintains, even if defendant could show why he did not include any of his lesser-included offense claims in his initial postconviction petition, defendant's relief is barred by the invited-error doctrine. We agree.

¶ 32    "A defendant is entitled to a lesser-included offense instruction only if the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." *People v. Medina*, 221 Ill. 2d 394, 405, 851 N.E.2d 1220, 1226 (2006).

"[If a] defendant chooses to submit a lesser-included offense instruction, he is acknowledging, indeed arguing, that the evidence is such that a rational jury could convict him of the lesser-included offense, and he is exposing himself to potential criminal liability, which he otherwise might avoid if neither the trial judge nor the prosecutor seeks the pertinent instruction." *Id.*

¶ 33 A defendant is estopped from arguing on appeal that which is inconsistent with the strategy he pursued at trial. *People v. Johnson*, 334 Ill. App. 3d 666, 680, 778 N.E.2d 772, 784 (2002). "Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *People v. Carter*, 208 Ill. 2d 309, 319, 802 N.E.2d 1185, 1190 (2003).

¶ 34 Here, defendant sought the lesser-included offense instruction at trial. Now, defendant seeks leave to file a successive postconviction petition arguing it was error to permit the very lesser-included offense instruction defendant requested. Defendant's attempt to argue against what he explicitly sought at trial is precluded under the invited-error doctrine.

¶ 35 We find the trial court properly denied defendant's petition for leave to file a successive postconviction petition.

¶ 36                                    III. CONCLUSION

¶ 37 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 38 Affirmed.