NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231546-U

NO. 4-23-1546

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| RICARDO JAIMES, | ) | No. 10CF1621 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court.
Justices Lannerd and Knecht concurred in the judgment.

**ORDER**

¶ 1 *Held*: The appellate court affirmed the trial court's dismissal of defendant's motion for
leave to file a successive postconviction petition where defendant forfeited the
only claim raised on appeal by failing to include it in his motion.

¶ 2 Defendant, Ricardo Jaimes, appeals from the trial court's December 2023 denial
of his motion for leave to file a successive postconviction petition. We affirm.

¶ 3 I. BACKGROUND

¶ 4 In June 2010, defendant and his brother were charged by indictment with,
*inter alia*, the first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 2010)) of Demarkis Robinson
and attempt (first degree murder) (*id.* § 5/8-(4)(a), 9-1(a)(1)) of William Patrick. In September
2012, defendant was tried separately and found guilty by a jury of both first degree murder and
attempt (first degree murder). The jury also found defendant was armed with a firearm during the

commission of said offenses. Following his guilty verdict, defendant filed a motion for a new trial, which the trial court denied.

¶ 5                                    A. Sentencing

¶ 6        At the November 2012 sentencing hearing, the presentence investigation report (PSI) was admitted and included several addendums showing defendant had no prior adult criminal history but had been adjudicated a delinquent for "Aggravated [Unlawful Use of a Weapon], No [Firearm Owner's Identification Card], [and] Criminal Defacement [of] Property." The State presented the testimony of Robinson's parents and several victim impact statements. In mitigation, defendant presented several letters from family members, friends, and a former employer.

¶ 7        Defendant—who was 18 years old at the time he committed the offense— conceded he was a gang member but noted "he's in that weird spot between a man and a child." Defendant noted he had been convicted under the accountability theory for being the driver of the vehicle involved in the shooting, but he was not the actual shooter. Defendant gave a statement in allocution wherein he lamented observing his parents' separation and other difficulties he experienced as a teenager.

¶ 8        The trial court stated it had considered the PSI and subsequent addendums, evidence from the trial, evidence presented at sentencing, arguments from counsel, defendant's statement in allocution, and the statutory factors in aggravation and mitigation. Specifically, in mitigation, the court noted it considered that defendant was 18 years old at the time of the offense and his potential for rehabilitation. The court stated, "I really haven't heard any hard and fast evidence. From age alone the court could conclude that as we get older, we mature make better decisions and certainly is something the court is considering." The court also found the

length of imprisonment as a hardship on defendant's dependents. Lastly, the court noted it was considering that defendant had been found guilty under the accountability theory, noting, "All indications are that this defendant was not the shooter."

¶ 9        In aggravation, the trial court found defendant's prior juvenile delinquency applied. Specifically, the court noted that after having been adjudicated a delinquent, defendant had been subjected to several petitions alleging he had violated his juvenile probation and was on juvenile probation at the time of the offense. The court found the offense was aggravated because it was gang-related and a sentence was necessary to deter others. The court stated:

> "Young people need to understand that gang members committing murder or gang members who are aiding and abetting another in committing murder in our residential neighborhoods on the street in broad daylight, who act as though the streets of Rockford are the wild west or that these neighborhoods are their own personal shooting galleries, need to understand that they will spend their life or in effect the balance of their life, most important years of their life in prison."

¶ 10       The trial court sentenced defendant to 30 years' imprisonment plus a 15-year firearm enhancement for first degree murder and 10 years' imprisonment plus a 15-year firearm enhancement for attempt (first degree murder). The 45- and 25-year sentences were to run consecutively, for an aggregate sentence of 70 years' imprisonment.

¶ 11       Defendant filed a motion to reconsider the sentence, arguing his sentence was excessive. Specifically, he argued (1) his sentence violated the Illinois Constitution's proportionate penalties clause (see Ill. Const. 1970, art. I, § 2), (2) the trial court had failed to consider all factors in mitigation, and (3) the sentence imposed did not "keep[ ] with [defendant's] past history or criminality, mental history, family situation, economic status,

education, occupational or personal habits" or "alternatives available to the Court to assist [defendant] in his rehabilitation."

¶ 12        A hearing on defendant's motion to reconsider was held in December 2012. The trial court noted it had considered the statutory factors in aggravation and mitigation and gave appropriate weight to each factor. The court stated it had sentenced defendant for murder to 30 years, "toward the lower end" of the 20- to 60-year sentencing range. Similarly, the attempt (first degree murder) conviction carried a sentencing range of 6 to 30 years, and the court had sentenced defendant to 10 years. The firearm enhancements of 15 years for each offense comprised 30 years of defendant's aggregate 70-year sentence.

¶ 13                    B. Direct Appeal and Postconviction Proceedings

¶ 14        On direct appeal, defendant argued "(1) he was not convicted beyond a reasonable doubt; (2) the trial court erred in admitting gang-related evidence; and (3) he was deprived of the effective assistance of counsel." *People v. Jaimes*, 2014 IL App (2d) 121368, ¶ 1. The appellate court affirmed. *Id.*

¶ 15        In December 2018, defendant filed a *pro se* postconviction petition, arguing trial counsel was ineffective by failing to call on expert testimony to challenge the reliability of an eyewitness identification and appellate counsel was ineffective for failing to raise this issue on direct appeal. *People v. Jaimes*, 2021 IL App (2d) 190241-U, ¶ 22. In February 2019, the trial court dismissed defendant's petition as frivolous and patently without merit. *Id.* ¶ 24. Defendant appealed, and the appellate court affirmed. *Id.* ¶ 37.

¶ 16        In June 2023, defendant filed a motion for leave to file a successive postconviction petition (the motion at issue in this appeal), raising two claims: the trial court erred when sentencing him to two 15-year firearm enhancements because (1) the enhancements

were not applicable under a theory of accountability and (2) the enhancements violated his second amendment rights pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). In December 2023, the trial court denied defendant's motion for leave, stating both claims were raised or could have been raised in defendant's direct appeal or in his initial postconviction petition.

¶ 17          This appeal followed.

¶ 18                              II. ANALYSIS

¶ 19          On appeal, for the first time, defendant contends his 70-year aggregate sentence violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). He claims his sentence was excessive based upon the facts that he was 18 years old at the time of the offense and he was convicted under a theory of accountability, that is, he was not the one who possessed or discharged the firearm. Defendant requests a reversal of the court's denial of his motion for leave to file a successive postconviction petition and remand for further proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)).

¶ 20                              A. The Act

¶ 21          "The Act itself contemplates the filing of a single petition ***." *People v. Lusby*, 2020 IL 124046, ¶ 27. However, there are two bases upon which the bar against successive proceedings will be relaxed. *People v. Edwards*, 2012 IL 111711, ¶ 22. "The first basis for relaxing the bar is when a petitioner can establish 'cause and prejudice' for the failure to raise the claim earlier." *Id.* "The second basis by which the bar to successive postconviction proceedings may be relaxed is what is known as the 'fundamental miscarriage of justice' exception." *Id.* ¶ 23. However, "[t]o demonstrate such a miscarriage of justice, a petitioner must show actual

innocence." *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). Here, defendant does not make a claim of actual innocence.

¶ 22    Section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2022)) requires a defendant to show (1) cause for failing to raise a claim in the defendant's initial postconviction petition and (2) prejudice resulting from the defendant's failure to raise the claim. *People v. Moore*, 2023 IL App (4th) 210245, ¶ 45. Showing cause requires identifying an objective factor that impeded the defendant's ability to raise the claim in the initial postconviction petition. *Id.* Showing prejudice requires the defendant to articulate how a "claim not raised during the initial proceeding so infected the trial that the resulting conviction or sentence violated due process." *Id.* "[F]or a defendant to obtain leave to file a successive postconviction petition, *both* prongs of the cause-and-prejudice test must be satisfied." (Emphasis added.) *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 19. The failure to establish either prong is fatal to the claim. *People v. Howard*, 2021 IL App (2d) 190695, ¶ 21. "A trial court's denial of leave to file a successive petition is reviewed *de novo*." *Moore*, 2023 IL App (4th) 210245, ¶ 46.

¶ 23                                    B. Threshold Issue on Appeal

¶ 24    The State argues defendant has forfeited the issue he now raises on appeal because it was not raised in his motion for leave to file a successive postconviction petition. Our supreme court has explained that appellate courts are not permitted to address "postconviction claims that are not raised in the initial petition. [Citation.] The same rule applies to a successive postconviction petition." *People v. Young*, 2018 IL 122598, ¶ 28; see 725 ILCS 5/122-3 (West 2022). Defendant concedes his proportionate penalties claim is being raised for the first time on appeal. However, he argues the forfeiture language contained in section 122-3 of the Act is not ironclad, citing *People v. Jones*, 213 Ill. 2d 498 (2004). Additionally, defendant cites *People v.*

*Banks*, 2015 IL App (1st) 130985, for the proposition that he may challenge the constitutionality of a statute at any time. Defendant further contends *People v. Holman*, 2017 IL 120655, authorizes this court to review his claims in the interest of judicial economy because the record is sufficiently developed regarding his as-applied constitutional challenge.

¶ 25 First, defendant is correct that our supreme court in *Jones* stated, "the [forfeiture] language contained in section 122-3 [of the Act] has never been viewed as an ironclad bar." *Jones*, 213 Ill. 2d at 505. However, he fails to mention the *Jones* court went on to directly admonish the appellate courts that we do not possess its supervisory powers and cannot "reach postconviction claims not raised in the initial petition." *Id.* at 507; see *People v. Roberson*, 2018 IL App (4th) 160483-U, ¶ 18 (heeding the supreme court's warning in *Jones* and declining to address a forfeited claim not raised in a postconviction petition). Our supreme court has since reiterated, in *Young*, that *Jones* also applies to successive postconviction claims. *Young*, 2018 IL 122598, ¶ 28.

¶ 26 Defendant, citing *Banks*, contends his constitutional challenge may be raised at any time. In *Banks*, the defendant appealed the dismissal of his postconviction petition and raised on appeal, for the first time, that the application of a mandatory minimum sentence and automatic transfer to adult court for a juvenile defendant charged with first degree murder violated the eighth amendment of the United States Constitution (U.S. Const., amend VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *Banks*, 2015 IL App (1st) 130985, ¶ 1. The court in *Banks* reasoned that, although the defendant did not raise these issues in the trial court, "a defendant may challenge the constitutionality of a statute at any time." *Id.* ¶ 10. In support, the *Banks* court cited *In re M.I.*, 2013 IL 113776, and *People v. Harris*, 2012 IL App (1st) 092251.

¶ 27        We are unpersuaded by the cases relied upon by the court in *Banks*. In *M.I.*, the supreme court addressed an argument that was not raised in the trial court, the appellate court, or even in the respondent's petition for leave to appeal. *M.I.*, 2013 IL 113776, ¶ 39. While the court in *M.I.* recognized the respondent's failure to raise his claim earlier resulted in forfeiture, it chose to address the claim, stating, "[A] challenge to the constitutionality of a statute may be raised at any time." (Internal quotation marks omitted.) *Id.* The First District in *Banks* relied on this language to disregard forfeiture. However, as we explained above, we are not the supreme court and do not possess its powers to disregard forfeiture of an issue that was not raised in defendant's motion for leave to file a successive petition.

¶ 28        In *Harris*, the State argued the defendant had forfeited his proportionate penalties claim because it could have been raised on direct appeal but was not. *Harris*, 2012 IL App (1st) 092251, ¶ 11. Indeed, the purpose of the Act is to "permit inquiry into constitutional issues *** that were not, and could not have been, adjudicated previously on direct appeal." *People v. English*, 2013 IL 112890, ¶ 22. Therefore, any "issues that could have been raised on direct appeal, but were not, are forfeited." *Id.* The *Harris* court chose to overlook the defendant's forfeiture, stating a defendant may challenge the constitutionality of a statute at any time. *Harris*, 2012 IL App (1st) 092251, ¶ 11. *Harris* is distinguishable from the present case. The threshold issue in the case *sub judice* is not whether defendant forfeited his claim because he could have raised it on direct appeal but did not; the issue is whether this court can address his claim because he did not raise it at all in his motion. Defendant instead opted to raise the issue for the first time on appeal. Again, we point to our supreme court's clear directive to this court from *Jones* and *Young*: where a defendant does not raise a postconviction claim before the trial court, he cannot raise that issue for the first time on appeal.

¶ 29       Next, defendant, citing our supreme court in *Holman*, argues this court may review his as-applied constitutional challenge because the record is sufficiently developed and in the interest of judicial economy. However, *Holman*—which has since been overruled by *People v. Wilson*, 2023 IL 127666, ¶ 42—is not applicable here.

¶ 30       "The distinction between facial and as-applied constitutional challenges is critical." *People v. Harris*, 2018 IL 121932, ¶ 38. An as-applied constitutional challenge requires a defendant show a "statute is unconstitutional as it applies to the specific facts and circumstances" of that defendant. *Id.* Because an as-applied constitutional challenge depends on the specific facts and circumstances of that defendant, it is vital the record be sufficiently developed on the defendant's specific facts and circumstances for appellate review. *Id.* ¶ 39. "A court is not capable of making an 'as applied' determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. [Citation.] Without an evidentiary record, any finding that a statute is unconstitutional 'as applied' is premature." (Internal quotation marks omitted.) *Id.*

¶ 31       In *Holman*, the defendant was sentenced to life without parole for a murder he committed when he was 17 years old. *Holman*, 2017 IL 120655, ¶ 1. The defendant filed a *pro se* motion for leave to file a successive postconviction petition that was denied. *Id.* ¶ 20. On appeal, the defendant abandoned the claims in his successive postconviction petition and argued he was entitled to a new sentencing hearing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012). *Holman*, 2017 IL 120655, ¶ 20. The defendant in *Holman* did not raise his as-applied constitutional challenge in his petition. *Id.* ¶ 27. The *Holman* court noted the rule from *People v. Thompson*, 2015 IL 118151, requires "a defendant must present an as-applied constitutional challenge to the trial court in order to create a sufficiently developed record." *Holman*, 2017 IL

120655, ¶ 32. The court went on to state *People v. Davis*, 2014 IL 115595, created "a very narrow exception to [the rule from *Thompson*] for an as-applied *Miller* claim for which the record is sufficiently developed for appellate review." *Holman*, 2017 IL 120655, ¶ 32; see *Harris*, 2018 IL 121932, ¶ 43.

¶ 32        Defendant, on appeal, is not raising an as-applied *Miller* claim, and given that he was 18 years old at the time of the offense, he cannot. See *People v. Thompkins*, 2022 IL App (4th) 200198-U, ¶ 26. ("[A]n eighth amendment claim does not exist where defendant was 18 years old when he committed the offense."). Therefore, defendant's contention on appeal that we may review his as-applied proportionate penalties claim is simply unfounded. See *People v. House*, 2021 IL 125124, ¶ 31 (holding the appellate court erred when addressing an as-applied constitutional challenge pursuant to the proportionate penalties clause of the Illinois Constitution without a developed evidentiary record or factual findings).

¶ 33        Accordingly, we decline to address defendant's forfeited claim his 70-year aggregate sentence violated the proportionate penalties clause of the Illinois Constitution for failure to raise his claim in his motion for leave before the trial court. *Jones*, 213 Ill. 2d at 507; *Young*, 2018 IL 122598, ¶ 28.

¶ 34                                III. CONCLUSION

¶ 35        For the reasons stated, we affirm the trial court's judgment.

¶ 36        Affirmed.